UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-61223-CIV-DIMITROULEAS/Snow

ALLSTATE INSURANCE COMPANY,

    Plaintiff,

v

RONDELL PETERS,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on Defendant's Motion to Enforce Settlement Agreement and Release (ECF No. 29) which was referred to Lurana S. Snow, United States Magistrate Judge for a Report and Recommendation. The motion is ripe for considertion.

### I. PROCEDURAL HISTORY

This was an action for breach of contract and misappropriation of trade secrets. On October 24, 2017, the parties filed a Joint Stipulation for Permanent Injunction and Dismissal after which the Court entered an Order of Permanent Injunction and Dismissal. (ECF Nos. 27 and 28) On November 13, 2017, the parties entered into a written settlement agreement, pursuant to which Allstate agreed to make certain payments to Defendant. After Allstate missed the December 10, 2017 deadline for remitting the first payment, Defendant filed the instant motion seeking enforcement of the agreement and attorney's fees. Allstate has since remitted payment, albeit eleven days late.

### II. RECOMMENDATIONS OF LAW

The parties' Joint Stipulation for Permanent Injunction and Dismissal contains the following relevant language:

> 1. Peters, and all persons acting in concert with him, including the employees and/or agents of Ensuren Enterprises, Inc., are permanently enjoined from accessing, using, possessing or having

> access to Allstate "Confidential Information," as defined in Section IV(D) of the EA Agreement;
>
> 2. Peters and all persons acting in concert with him, including the employees and/or agents of Ensuren Enterprises, Inc., are enjoined from:
>> (a) soliciting the purchase of products or services in competition with those sold by Allstate with respect to any person, company, or organization to whom Peters or anyone acting on his behalf sold insurance products or services on behalf of Allstate and who was a customer of Allstate at the time Peters' EA Agreement terminated;
>>
>> (b) soliciting the purchase of products or services in competition with those sold by Allstate with respect to any person, company, or organization whose identity was discovered by Peters as a result of his status as an Allstate Exclusive Agent or as a result of Peters' access to Allstate confidential information;
>>
>> (c) soliciting the purchase of products or services in competition with those sold by Allstate within one (1) mile of his Allstate Exclusive Agency location.
>
> 3. The restraints provided in Paragraph 2(a) - (c) of this Order shall expire on December 31, 2017;
>
> 4. The Court shall retain jurisdiction over any dispute that may arise regarding Peters' compliance with this Order . . . .

The Court entered the parties' stipulated order incorporating the language they requested. The parties stipulation is conditioned upon the Court retaining jurisdiction to preside over any dispute arising regarding Defendant's compliance. The parties did not request, and the Court did not retain, jurisdiction to enforce Allstate's obligations under the parties' settlement agreement, however. Therefore, the Court does not have jurisdiction to entertain Defendant's motion. See Kokkonen v. Guardian Life Insurance Comapny of America, 114 S.Ct. 1673 (1994); Anago Franchising, Inc. v. Shaz, LLC, 677 F.3d 1272 (11th Cir. 2012).

### III. CONCLUSION

This Court having considered carefully the pleadings, arguments of counsel, and the applicable case law, it is hereby

RECOMMENDED that Defendant's Motion to Enforce Settlement Agreement and Release (ECF No. 29) be DENIED.

The parties will have 14 days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, for consideration by The Honorable William P. Dimitrouleas, United States District Judge.  Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained therein, except upon grounds of plain error if necessary in the interest of justice.  See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 2nd day of January, 2018.

LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:
All Counsel of Record